SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 480.306.5458

JEFFREY GILBERT (*pro hac vice anticipated*)
jeffrey.gilbert@gmlaw.com
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Tel. 305.789.2761

*Attorneys for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNSET WEST LEGAL GROUP, PC and QUINTESSA LLC d/b/a THE INJURY HELP NETWORK,<br><br>Defendants. | Case No.: 2:24-cv-04264-FLA-MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing**<br>Date: September 27, 2024<br>Time: 1:30 p.m.<br>Ctrm: 6B |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on September 27, 2024, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Fernando L. Aenlle-Rocha of the United States District Court for the Central District of California, located at 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network, (collectively, "Defendants") will and hereby do move the Court to dismiss Plaintiff's Complaint for Injunction and Damages.

Defendants bring this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a claim against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

In accordance with Local Rule 7-3, undersigned counsel met and conferred with Andrew Perrong, counsel for Plaintiff, by telephone on July 11, 2024, wherein the grounds for the Motion were provided and the parties were unable to resolve this dispute.

Dated: July 18, 2024                    Respectfully Submitted,

**GREENSPOON MARDER LLP**

*/s/ Sharon A. Urias*
Sharon A. Urias
Jeffrey Gilbert (*pro hac vice anticipated*)

*Attorneys for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network*

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff, a prolific TCPA plaintiff, filed his Complaint for Injunction and Damages [D.E. 1] ("Complaint") on May 22, 2024, attempting to allege that Defendants purportedly committed violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by placing "pre-recorded telemarketing calls" to Plaintiff's cellular telephone. However, in multiple ways, Plaintiff fails to state a claim that meets the pleading standards set forth by the Federal Rules of Procedure.

Most egregiously, Plaintiff's pleading fails to give Defendants adequate notice of the claims being alleged against them, as the Complaint contains only sparse and vague allegations pertaining to a handful of the calls at issue. Moreover, key factual allegations—and every allegation of the sole count—refer vaguely to collective "Defendants" and otherwise fail to specify which Defendant is alleged to have been responsible for what purportedly unlawful activity.

Furthermore, with regard to Defendant Sunset, Plaintiff fails to allege even the bare minimum factual matter needed to state a claim against Sunset, nor, in fact, does Plaintiff even attempt to explain the factual basis of his assertion that Sunset is somehow connected to the claimed conduct. The few calls (and single text) that are described with any detail in the Complaint make no mention of Sunset, and Sunset's involvement is alleged only with a single conclusory paragraph stating that "Defendant Sunset was later identified as the law firm that hired Quintessa to make the illegal calls." D.E. 1 at ¶ 26. As a result, there is not a single well-pleaded, non-conclusory assertion in the Complaint sufficient to nudge Sunset's alleged liability under the TCPA from conceivable to plausible, and indeed, the allegations appear to be largely identical to that which Plaintiff has asserted in **approximately 76** lawsuits filed in this Court under the TCPA against other defendants, further confirming the boilerplate, non-specific, and insufficient nature of the allegations recycled in this

action.[1] Therefore, the Complaint should be dismissed.

## STATEMENT OF ALLEGED FACTS

Plaintiff alleges that on April 20, 2024, he received "at least three pre-recorded telemarketing calls" on his cellular telephone number. *Id.* at ¶ 18. Plaintiff alleges that "[t]he pre-recorded telemarketing calls all played an identical prerecorded message, stating that the caller had information that the Plaintiff had been involved in an accident in the last two years and to press one." *Id.* at ¶ 19. Plaintiff alleges that he "interacted with the recorded message to identify the caller," upon which he "was then connected to a person from the 'injury help network,'" who in turn provided Plaintiff with a call back number. *Id.* at ¶¶ 20-21. Plaintiff alleges "that number was then called to ascertain information as to who was calling Mr. Fabricant illegally," at which point Plaintiff claims the "injury help network" was identified and proceeded to "relentlessly" send him text messages and voicemails. *Id.* at ¶ 22. Plaintiff reproduces a text message he claims to have received, which refers to an unidentified "law firm." *Id.* at ¶ 23. Plaintiff additionally alleges, without providing further detail, that "Defendant Sunset was later identified as the law firm that hired Quintessa to make the illegal calls for it and generate the Plaintiff's lead." *Id.* at ¶ 26.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) states that pleadings "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under Rule 8(a), a plaintiff's pleading must provide sufficient notice to each defendant of the unlawful activity being attributed to it, and therefore, "confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint." *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996); *see also Van Dyke Ford, Inc. v. Ford Motor*

---

[1] Just since the beginning of 2021, Plaintiff has filed, in addition to this action, **forty-four** TCPA lawsuits in the Central District of California alone.

*Co.*, 399 F. Supp. 277, 284 (E.D. Wis. 1975) ("Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently.") Importantly, Ninth Circuit courts also "consistently conclude that a complaint which 'lump[s] together [...] multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'" *Karkanen v. California*, No. 17-CV-06967-YGR, 2018 WL 3820916, at *7 (N.D. Cal. Aug. 10, 2018) (citing *Gen-Probe, Inc.*, 926 F. Supp. at 961); *see also, e.g., Sechrist v. Rev Recreation Grp., Inc.*, No. EDCV2301896MWFSHKX, 2023 WL 8351517, at *2 (C.D. Cal. Oct. 23, 2023); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (holding that lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)). This principle has been held to apply in this District in a TCPA context. *See Eric B. Fromer Chiropractic, Inc. v. SpendWell Health, Inc.*, No. CV1408728ABVBKX, 2015 WL 13916226, at *4 (C.D. Cal. Feb. 11, 2015) (dismissing TCPA claim due to Plaintiff "lump[ing] all 'Defendants' into a single unit and alleg[ing] that the indivisible 'Defendants' sent Plaintiff the fax without any factual allegations to support that conclusion as to [either defendant].")

"[T]o survive a motion to dismiss" under Rule 12(b)(6), "a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## II.     THE COMPLAINT FAILS TO PROVIDE NOTICE UNDER RULE 8(a)

The Complaint should be dismissed because Plaintiff's pleading violates Federal Rule of Civil Procedure 8(a). Critically, Plaintiff's allegations fail "to give the [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests," with key factual allegations alternatively lumping together both Defendants or referring to an unspecified "Defendant" without any indication as to which Defendant is being described. D.E. 1 at ¶¶ 17, 18. Furthermore, every allegation in the Complaint's sole claim for relief similarly lumps the Defendants together, and altogether provides no additional insight as to how each Defendant is alleged to have violated the law. *Id.* at ¶¶ 71-75.

Allegations that lump all defendants together, and thus fail to allege the factual basis for each defendant's liability, are inadequate under the Federal Rules of Civil Procedure. *Wright v. City of Santa Cruz*, No. 13-CV-01230-BLF, 2014 WL 5830318, at *5 (N.D. Cal. Nov. 10, 2014) (citing *Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996)). Allegations that ambiguously refer to an unspecified single defendant in a suit containing multiple defendants suffer from the same fatal deficiency under Rule 8(a). *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011) ("In the few allegations where [plaintiff] alleges misconduct by a singular defendant, she fails to specify which one […] By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide [defendant] with fair notice of its alleged misconduct.") (citing *In re Sagent Tech., Inc.,* 278 F.Supp.2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."))

Notably, in a TCPA context, it has been held that "[s]ome fair notice to [defendant] is particularly necessary here because [plaintiff] seeks recovery for each violation of the TCPA." *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL

4884471, at *2 (N.D. Ill. Dec. 14, 2009) (dismissing complaint for failure to meet the notice requirements of Rule 8(a)). In fact, TCPA claims have previously been dismissed in this District for exhibiting the exact same above-described lumping issue, as Judge Birotte held in *Eric B. Fromer Chiropractic, Inc. v. SpendWell Health, Inc.* that because "Plaintiff lumps all 'Defendants' into a single unit and alleges that the indivisible 'Defendants' sent Plaintiff the fax without any factual allegations to support that conclusion as to [defendants] [and therefore] [t]he Complaint fails to notify [defendants] of any basis for Plaintiffs claims against them, and does not satisfy Rule 8 as to [defendants]." 2015 WL 13916226, at *4 (citing *Wright*, 2014 WL 5830318, at *5).

Plaintiff's Complaint exemplifies both of the pleading errors described above, and because these errors are present in key factual allegations that essentially underpin his entire claim, they are undoubtedly fatal to Plaintiff's pleading. For instance, as Plaintiff alludes, a prerecorded call to an individual's cellular telephone is only unlawful under the TCPA if the called party has not given prior express consent to receive prerecorded messages. *See* 47 U.S.C. § 227(b)(1)(A)(iii). However, the only substantive paragraph speaking to Plaintiff's purported lack of consent to receive the calls at issue refers only to an unspecified "Defendant." D.E. 1 at ¶ 17. Because consent is a crucial component of establishing each Defendant's liability, the lack of specificity in Paragraph 17 is tantamount to the substantive absence of an element that must necessarily be pled to substantiate Plaintiff's sole cause of action.

Crucially, the very next paragraph of the Complaint reveals that this error plagues the very allegations that form the basis of Plaintiff's claim. In Paragraph 18— describing the three (3) alleged calls that ostensibly gave rise to this action, and the ***only*** calls specifically alleged in the Complaint to have been received by Plaintiff— Plaintiff now refers vaguely to indivisible "Defendants."[2] *Id.* at ¶ 18. It is important

---

[2] And even if we are to assume (which Defendants are certainly under no obligation to do) that Plaintiff is alleging some theory of vicarious liability, it is nonsensical as

to note that the Complaint contains no other factual allegations speaking to the placement of any unlawful calls; in other words, the entire basis of Defendants' liability is therefore predicated upon the vaguely pled allegations in Paragraph 18 that evidently fail to meet Rule 8(a)'s standards. Indeed, Paragraph 18 appears to comprise an identical allegation to that which doomed the plaintiff's complaint in *Eric B. Fromer Chiropractic, Inc.*

The result of these errors is that both Defendants are now forced to attempt to decipher the bases upon which they are being sued, without notice of what facts Plaintiff believes makes them liable under the TCPA. It bears emphasizing that the Complaint implies that Plaintiff purportedly received more than the three (3) calls he specifically describes in Paragraph 18; indeed, that he "relentlessly" received voicemails and texts. *See* D.E. 1 at ¶ 18, 22. In conjunction with Plaintiff's demand for relief seeking damages "for each and every call made to [his] cellular telephone number[] using an artificial or prerecorded voice in violation of the statute," this means that Defendants must now defend themselves from potential liability for an unspecified number of calls for which no identifying information is given, whether any alleged caller, number, day, time, content of the call or message, or even a timeframe in which any alleged calls may have taken place. Because Plaintiff seeks recovery for each violation of the TCPA, such detail is particularly necessary. *Abbas*, 2009 WL 4884471, at *2. Therefore, Plaintiff's Complaint should be dismissed in its entirety for failure to give notice to Defendants Quintessa and Sunset as to the grounds of the allegations against them.

**III.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST SUNSET**

Although the Complaint is largely lacking in factual allegations tying either defendant to the unlawful conduct alleged, it is totally (and fatally) lacking non-conclusory factual allegations with respect to Defendant Sunset. As alluded to above,

---

a practical matter to assert that multiple entities physically place a phone call; ultimately, one individual or entity dials a call, not "Defendants."

the sole factual allegation of the Complaint tying Sunset to the alleged unlawful conduct appears in Paragraph 26, where Plaintiff states in conclusory fashion, "Defendant Sunset was later identified as the law firm that hired Quintessa to make the illegal calls for it and generate the Plaintiff's lead." D.E. 1 at ¶ 26. While that statement begs for elaboration as to precisely where, when, or how Sunset was so identified, Plaintiff offers none.

Under *Iqbal*, the Court needs only to accept as true well-pleaded factual allegations; it need not accept as true "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949. In a TCPA context, this means that Plaintiff must, at the very least, explain how he knows that Sunset sent the messages at issue. *See Adzhikosyan v. Callfire, Inc.*, No. CV 19-246 PSG (GJSX), 2019 WL 7856759, at *3 (C.D. Cal. Nov. 20, 2019); *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-CV-07129-YGR, 2018 WL 1524067, at *4 (N.D. Cal. Mar. 28, 2018). When a plaintiff's allegations are devoid of any facts that would permit the Court to infer that a defendant had a hand in sending the alleged correspondence, a complaint fails to state a claim under the *Iqbal* standard. *Eric B. Fromer Chiropractic, Inc.*, 2015 WL 13916226, at *4; *see also Meeks*, 2018 WL 1524067, at *5 (dismissing TCPA claim as plaintiff "does not allege that [defendant] decided whether, when, or to whom to send the messages."); *Frank v. Cannabis & Glass, LLC*, No. 2:19-cv-00250-SAB, 2019 WL 4855378, at *2-*3 (W.D. Wash. Oct. 1, 2019) (holding that a plaintiff failed to state a TCPA claim when its complaint contained "no allegations that [the defendant] exercised any discernible involvement in deciding whether, when, or to whom the text message is sent, or what the text message said").

This is the case here as it pertains to Sunset. The only factual, non-conclusory allegations containing any specificity about the correspondence at issue are found in Paragraphs 18 through 23. *See* D.E. 1 at ¶ 18-23. Tellingly, when Plaintiff describes the calls and messages he received, one cannot help but notice the conspicuous absence of any mention of Sunset: Sunset is not identified by name in any of those

-7-
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

factual allegations, Plaintiff's conversations with the calling representatives implicate only "injury help network" (*i.e.*, Quintessa), and the text message reproduced in Paragraph 23 similarly fails to identify Sunset. *Id*. As a result, the *only* factual allegation "tying" Sunset to the alleged conduct comes in the conclusory Paragraph 26, which, as stated above, is unsupported by any further factual development explaining exactly *how* Sunset was "identified as the law firm that hired Quintessa" or is otherwise in any way connected to the conduct alleged. As a result, Plaintiff "fails to state a claim under the TCPA because his complaint does not allege enough facts to show that Defendant initiated" the calls at issue, as he "does not allege that [Defendant] decided whether, when, or to whom to send the messages." *Adzhikosyan*, 2019 WL 7856759, at *3; *Meeks*, 2018 WL 1524067, at *5.

      Parsing through Plaintiff's factually sparse Complaint, it may further be inferred that Plaintiff intends to impute a form of agency liability on Sunset. *See* D.E. 1 at ¶ 24. However, this too fails for lack of specific factual allegations, particularly any allegation that Sunset "controlled the manner and means by which the [] message[s] [were] created and distributed." *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1081 (C.D. Cal. 2012), aff'd, 582 F. App'x 678 (9th Cir. 2014). While the Complaint recites a handful of boilerplate, conclusory allegations ostensibly for this purpose, "Federal courts routinely dismiss [TCPA] claims that rely upon vicarious liability at the pleading stage when insufficient facts have been alleged to establish control." *Powers v. One Techs.*, LLC, No. 3:21-CV-2091, 2022 WL 2992881, at *3 (N.D. Tex. July 28, 2022); *see, e.g., Abante Rooter & Plumbing v. Farmers Grp., Inc.*, No. 17-CV-03315-PJH, 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018) (dismissing claim for vicarious liability under the TCPA predicated upon "conclusory allegations that the representatives were calling 'on behalf of Defendant' […] and allegations that baldly assert the caller was a representative of defendant"); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D. N.Y. 2015) ("the Court concludes that [plaintiff's] non-conclusory allegations with regard to the agency relationship

between [defendant and purported agent] fail to 'nudge' his claims against [defendant] 'across the line from conceivable to plausible…'") (citation omitted); *Panacci v. A1 Solar Power, Inc.*, No. 15-CV-00532-JCS, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015).

Further, Plaintiff's allegation that Quintessa had authority to sign leads on Sunset's retainer (*see* D.E. 1 at ¶¶ 24, 25, 33, 38) is insufficient to adequately plead control. *See Callier v. Nat'l United Group, LLC*, No. EP-21-CV-71-DB, 2022 WL 20046134, at *11 (W.D. Tex. Jan. 26, 2022) (dismissing vicarious liability TCPA claim against defendant where plaintiff failed to allege a factual basis for a plausible inference that telemarketers were under the defendant's control, despite alleging telemarketers were selling defendant's insurance policies); *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019) (Nowak, J.), report and recommendation adopted, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) (holding that even where a plaintiff is "presented with a contract to join [the defendant] and [the defendant] would have gained a customer as a result of the calls," that is still "not enough to show that an agency relationship exist[s]" between a defendant and telemarketers).

At most, Plaintiff has alleged facts to show that Sunset engaged Quintessa as a lead generator, but that is insufficient to state a TCPA claim against Sunset. Plaintiff does not sufficiently allege Sunset (1) exerted any modicum of control over the manner and means by which the at-issue calls were placed; (2) had any role in the selecting the recipient, timing, or placement of the at-issue calls; or (3) supplied the tools and instrumentalities necessary to make the calls. *See, e.g., Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443, 450-53 (9th Cir. 2018) (analyzing these and other factors holding seller not vicariously liable for telemarketer's alleged TCPA violations); *see also Hale v. Teledoc Health, Inc.*, No. 20 CV 5245 (VB), 2021 WL 1163925, at *4 (S.D. N.Y. Mar. 25, 2021), judgment entered, No. 20 CIVIL 5245 (VB), 2021 WL 1168079 (S.D.N.Y. Mar. 25, 2021) ("Plaintiffs' conclusory

allegations that [telemarketer] made the calls at issue on [defendant]'s behalf are insufficient to support a reasonable inference of actual authority, and do not plausibly allege [defendant] exercised any interim control over [telemarketer] or its conduct").

Moreover, one of the few facts Plaintiff *does* allege, that "Sunset would only compensate Quintessa if Quintessa provided Sunset with a client who had signed Sunset's retainer agreement," is a factor the Ninth Circuit has held is a "strong indicator" that the Sunset "lacked sufficient authority to control [Quintessa]." *Jones*, 887 F.3d at 452 (finding the fact that defendant paid the telemarketer a commission for each sale, rather than for the time the telemarketer worked, was a "strong indicator that [defendant] lacked sufficient authority to control the telemarketers").

Because Plaintiff fails to allege non-conclusory facts to support the requisite element of control, and in one instance pleads a fact to strongly indicate a lack of control, this Court should find that Plaintiff has failed to adequately allege a claim against Sunset, and Plaintiff's claim against Defendant Sunset should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network respectfully request that the Court enter an order dismissing Plaintiff's Complaint for Injunction and Damages, and granting any other relief the Court deems appropriate.

Dated: July 18, 2024            Respectfully Submitted,

**GREENSPOON MARDER LLP**

 */s/ Sharon A. Urias*
Sharon A. Urias
Jeffrey Gilbert (*pro hac vice anticipated*)

*Attorneys for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network*

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network, certifies that this brief contains 3,295 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 18, 2024  /s/ Sharon A. Urias
Sharon A. Urias

# CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ Marlee Grayson