SHARON A. URIAS (SBN 180642)
*sharon.urias@gmlaw.com*
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 480.306.5458

JEFFREY GILBERT (*admitted pro hac vice*)
*jeffrey.gilbert@gmlaw.com*
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Tel.  305.789.2761

*Attorneys for Defendants Sunset West Legal Group, PC*
*and Quintessa LLC d/b/a The Injury Help Network*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNSET WEST LEGAL GROUP, PC and QUINTESSA LLC d/b/a THE INJURY HELP NETWORK,<br><br>Defendants. | Case No.:  2:24-cv-04264-FLA-MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES [D.E. 32]** |

Defendants Sunset West Legal Group, PC ("Sunset") and Quintessa LLC d/b/a The Injury Help Network ("Quintessa") (collectively, "Defendants"), by and through the undersigned attorneys, hereby respond to the First Amended Complaint for Injunction and Damages (the "Amended Complaint") filed by Plaintiff, Terry Fabricant ("Plaintiff"), and state as follows:

## I.      INTRODUCTION

1.      Paragraph 1 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

2.      Defendants deny the allegations in Paragraph 2 of the Amended Complaint.

3.      Defendants admit that Plaintiff seeks to bring an action on behalf of a proposed nationwide class of persons, but deny any actionable conduct Plaintiff attributes to Defendants. Furthermore, Defendants are without knowledge or information sufficient to form a belief as to the identity of the "Defendant" to which Plaintiff refers in Paragraph 3, and thus seek a more definite statement so that Defendants may respond accordingly. To the extent a response is required to Plaintiff's vague and ambiguous allegations in Paragraph 3 of the Amended Complaint, Defendants deny such allegations.

## II.     PARTIES

4.      Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Amended Complaint.

6.      Defendants admit that Quintessa is based in Oklahoma City, Oklahoma, but denies the remainder of the allegations contained in Paragraph 6 of the Amended Complaint.

## III.    JURISDICTION AND VENUE

7.      Paragraph 7 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

8.     Paragraph 8 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

9.     Paragraph 9 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

## IV.   FACTS

10.     Defendants respond that the authority cited in Paragraph 10 of the Amended Complaint may be evidence of its contents. However, to the extent a response is required, Defendants deny the allegations in Paragraph 10 and demand strict proof thereof.

11.     Paragraph 11 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

12.     Paragraph 12 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

13.     Defendants respond that the authority cited in Paragraph 13 of the Amended Complaint may be evidence of its contents. However, to the extent a response is required, Defendants deny the allegations in Paragraph 13 and demand strict proof thereof.

14.     Defendants respond that the authority cited in Paragraph 14 of the Amended Complaint may be evidence of its contents. However, to the extent a

response is required, Defendants deny the allegations in Paragraph 14 and demand strict proof thereof.

15.    Paragraph 15 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint, particularly as Plaintiff has failed to allege his complete cellular telephone number. Defendants therefore deny the allegations in Paragraph 16.

17.    Defendants deny the allegations in Paragraph 17 of the Amended Complaint.

18.    Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint and therefore deny such allegations.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Amended Complaint and therefore deny such allegations.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Amended Complaint and therefore deny such allegations.

22.    Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23.    Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendants admit the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants respond that the authority cited in Paragraph 35 of the Amended Complaint may be evidence of its contents. However, to the extent a response is required, Defendants deny the allegations in Paragraph 35 and demand strict proof thereof.

36.     Defendants respond that the unspecified authority cited in Paragraph 36 of the Amended Complaint may be evidence of its contents. However, to the extent

1   a response is required, Defendants deny the allegations in Paragraph 36 and demand
2   strict proof thereof.

3       37.    Defendants respond that the authority cited in Paragraph 37 of the
4   Amended Complaint may be evidence of its contents. However, to the extent a
5   response is required, Defendants deny the allegations in Paragraph 37 and demand
6   strict proof thereof.

7       38.    Defendants respond that the authority cited in Paragraph 38 of the
8   Amended Complaint may be evidence of its contents. However, to the extent a
9   response is required, Defendants deny the allegations in Paragraph 38 and demand
10  strict proof thereof.

11      39.    Defendants deny the allegations in Paragraph 39 of the Amended
12  Complaint.

13      40.    Defendants deny the allegations in Paragraph 40 of the Amended
14  Complaint.

15      41.    Defendants deny the allegations in Paragraph 41 of the Amended
16  Complaint.

17      42.    Defendants deny the allegations in Paragraph 42 of the Amended
18  Complaint.

19      43.    Defendants deny the allegations in Paragraph 43 of the Amended
20  Complaint.

21      44.    Defendants deny the allegations in Paragraph 44 of the Amended
22  Complaint.

23      45.    Defendants deny the allegations in Paragraph 45 of the Amended
24  Complaint.

25      46.    Defendants deny the allegations in Paragraph 46 of the Amended
26  Complaint.

27      47.    Defendants deny the allegations in Paragraph 47 of the Amended
28  Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

48.     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Paragraph 51 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

52.     Paragraph 52 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

53.     Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants respond that the authority cited in Paragraph 58 of the Amended Complaint may be evidence of its contents. However, to the extent a response is required, Defendants deny the allegations in Paragraph 58 and demand strict proof thereof.

59.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Amended Complaint and therefore deny such allegations.

60.     Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

## V.     CLASS ACTION ALLEGATIONS

63.     Defendants admit that Plaintiff purports to bring this action as a class action and attempts to define a nationwide class, but deny that any class is appropriate or can be certified in this action.

64.     Paragraph 64 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

65.     Defendants deny the allegations in Paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67.     Paragraph 67 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

68.     Paragraph 68 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or

denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

69.     Paragraph 69 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

70.     Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71.     Defendants admit that Plaintiff seeks injunctive relief and money damages, but deny that such relief is warranted.

72.     Paragraph 72 (and its subparts) consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations in Paragraph 72 of the Amended Complaint.

73.     Paragraph 73 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

74.     Paragraph 74 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

75.     Paragraph 75 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendants deny such conclusions, statements, and characterizations.

76.     Paragraph 76 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or

1   denial. To the extent a response is required, Defendants deny such conclusions,

2   statements, and characterizations.

3       77.     Paragraph 77 of the Amended Complaint consists of legal conclusions,

4   statements, and characterizations that are not allegations capable of admission or

5   denial. To the extent a response is required, Defendants deny such conclusions,

6   statements, and characterizations.

7                           **FIRST CAUSE OF ACTION**

8       78.     Defendants incorporate their responses to Paragraphs 1 through 77 of

9   the Amended Complaint as if fully set forth herein.

10      79.     Defendants deny the allegations in Paragraph 79 of the Amended

11  Complaint.

12      80.     Defendants admit that Plaintiff seeks to impose liability on Defendants,

13  but deny any actionable conduct, deny violating the aforementioned statute, and deny

14  any remaining allegations in Paragraph 80 of the Amended Complaint.

15      81.     Defendants deny the allegations in Paragraph 81 of the Amended

16  Complaint.

17      82.     Paragraph 82 of the Amended Complaint consists of legal conclusions,

18  statements, and characterizations that are not allegations capable of admission or

19  denial. To the extent a response is required, Defendants deny such conclusions,

20  statements, and characterizations.

21      83.     Defendants admit that Plaintiff seeks such injunctive relief, but deny any

22  actionable conduct, deny violating the aforementioned statute, and deny any

23  remaining allegations in Paragraph 83 of the Amended Complaint.

24                           **PRAYER FOR RELIEF**

25      In response to the **WHEREFORE** clause following Paragraph 83 of the

26  Amended Complaint, including its subparts (A) through (G), Defendants admit that

27  Plaintiff seeks such relief but deny that Plaintiff is entitled to any relief whatsoever,

28  and respectfully request that this Court enter an order granting judgment in favor of

Defendants and dismissing Plaintiff's Amended Complaint in its entirety with prejudice, together with attorney's fees, costs, and such other and further relief as this Court deems just and proper.

As to any part of the Amended Complaint not specifically admitted, denied, or discussed with respect to Defendants, Defendants hereby deny said allegations, including, but not limited to, any allegations contained in the Amended Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Amended Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief can be granted under any theory of action because the factual allegations are incomplete and/or do not state a claim for relief under the TCPA against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, and none being admitted, were not caused by Defendants, but by another person or entity, including Plaintiff, for whom Defendants are not responsible and over whose activities Defendants exercise no control and/or have no right to control.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not vicariously or otherwise liable for the acts of third parties making and/or initiating the complained-of telephone call(s) to Plaintiff. At all relevant times, such third parties were not Defendants' agents and Defendants did not exercise substantial control over their actions, if any.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury. Plaintiff and, if relevant, purported class members, did not suffer any concrete harm separate and apart from a procedural violation of the TCPA, and Plaintiff alleges bare procedural statutory violations divorced from any actual,

1  concrete injury-in-fact. Plaintiff and, if relevant, purported class members therefore
2  lack standing.

3  **FIFTH AFFIRMATIVE DEFENSE**

4  Plaintiff's claims are barred by the doctrine of estoppel due to his and the
5  purported class members' consent, prior express invitation, or permission to be
6  called on his/their cellular and/or residential telephones.

7  **SIXTH AFFIRMATIVE DEFENSE**

8  Plaintiff's claims are barred by his and the purported class members' consent,
9  prior express invitation, or permission to be called on his/their cellular and/or
10 residential telephones.

11 **SEVENTH AFFIRMATIVE DEFENSE**

12 Plaintiff's claims are barred because Plaintiff and the purported class
13 members did not suffer any actual injury or damages.

14 **EIGHTH AFFIRMATIVE DEFENSE**

15 Plaintiff's claims are barred for failure to join necessary and indispensable
16 parties, including but not limited to, any third party that actually may have made or
17 may have initiated the telephone calls at issue.

18 **NINTH AFFIRMATIVE DEFENSE**

19 Plaintiff's claims for treble damages are barred because Defendants did not
20 engage in knowing or willful misconduct.

21 **TENTH AFFIRMATIVE DEFENSE**

22 Defendants state that to the extent any statute was violated as a result of a
23 purported revocation of consent from Plaintiff, Plaintiff's damages, if any, would be
24 limited to the number of purported calls or recordings that took place after Plaintiff
25 actually revoked his consent (to the extent he ever did) (and the same applies to any
26 purported class member).

27 **ELEVENTH AFFIRMATIVE DEFENSE**

28 Defendants complied with all applicable statutory, regulatory, and common

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

law requirements and accordingly, Plaintiff's claims are barred by Defendants' compliance with all applicable State, Federal, and local laws and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants state that to the extent they engaged in any conduct which may have violated any provision of the TCPA, such violation was unintentional, accidental, and as a result of a bona fide error which occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error and ensure Defendants' compliance with all applicable statutory, regulatory, and common law requirements. Additionally, Defendants raise their good faith compliance as a defense to Plaintiff's claims for treble damages for alleged willing or knowing violations of the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA violates Defendants' First Amendment right to free speech. Specifically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the TCPA, in the context of a class action, is violative of Defendants' constitutional rights under the Eighth Amendment and its prohibition against excessive fines and cruel and unusual punishment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands due to his and the purported class members' consent to be called on his/their cellular and/or residential telephones. *See Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir. 2013).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the purported class members have failed to mitigate their damages, if any, based in part on their failure to notify the alleged callers that the alleged calls made to their cellular and/or residential telephone should cease.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of ratification due to Plaintiff's and the purported class members' failure to timely notify the alleged callers that the calls should cease.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of laches and/or waiver for Plaintiff's and the purported class members' failure to timely notify the alleged callers that the calls allegedly made to their cellular and/or residential telephone(s) should cease.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*. At all relevant times Plaintiff and the purported class members consented to and/or ratified the telephone calls complained of in the Amended Complaint, including calls to their cellular and/or residential telephone numbers.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because his registration on the National Do-Not-Call registry is invalid as a result of holding his cellular telephone number out to the public as a business telephone number.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the cellular telephone number which he claims was called in violation of 47 U.S.C. § 227(c) was not a residential telephone number or line.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the callers obtained consent, prior express invitation or permission, had an established business relationship, or had a personal relationship with the Plaintiff and the purported class members.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the exceptions provided under the TCPA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert the claims and allegations set forth in the Amended Complaint because, among other reasons, Defendants did not place any calls to Plaintiff's telephone phone number, and an individual other than Plaintiff purportedly acted on behalf of Plaintiff to create or manufacture these alleged interactions, calls, facts and claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's suit and the claims of any purported class member are barred to the extent they agreed to arbitrate the asserted claim(s) against Defendants.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's class action suit and the claims of any purported class member are barred to the extent they agreed to waive any participation in a class, including as to the asserted claim(s) against Defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and claims of purported class members are barred because, pursuant to Federal Communication Commission guidance, Defendants were entitled to reasonably rely on prior express written consent containing Plaintiff's and purported class members' telephone numbers until Defendants were notified that the number was wrong or reassigned. Plaintiff never put Defendants on notice that he was not the individual who provided prior express written consent using his telephone number.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred due to his use of a pseudonym, an alias and an "employee" (another person, individual entirely) to fraudulently invite the communications he now alleges are TCPA violations.

**THIRTIETH AFFIRMATIVE DEFENSE**

As a separate and alternative defense, Plaintiff's Amended Complaint does not describe the claims made against Defendants with sufficient particularity to enable Defendants to determine what additional defenses they may have in response to the Amended Complaint; Defendants therefore reserve their right to assert any additional defenses which may be applicable once the precise nature of the underlying matters is pleaded or otherwise ascertained through discovery, investigation, or otherwise.

**<u>RESERVATION OF RIGHTS</u>**

Defendants reserve the right to amend their Answer and/or Affirmative Defenses up and through the time of trial upon discovery of additional information or evidence, or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the First Amended Complaint for Injunction and Damages filed by Plaintiff Terry Fabricant, Defendants Sunset West Legal Group, PC and Quintessa LLC respectfully request this Court to enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Amended Complaint and that this action be dismissed with prejudice in its entirety; (2) that judgment be rendered in favor of Defendants; (3) that attorneys' fees and costs incurred in this action be awarded to Defendants to the greatest extent permitted by applicable law; and (4) that Defendants be awarded such further and other relief as this Court deems just and proper.

Dated: August 15, 2024               Respectfully Submitted,

**GREENSPOON MARDER LLP**

_/s/ Jeffrey Gilbert_
Sharon A. Urias
Jeffrey Gilbert (_admitted pro hac vice_)

_Attorneys for Defendants Sunset West_
_Legal Group, PC and Quintessa LLC d/b/a_
_The Injury Help Network_

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

_/s/ Jeffrey Gilbert_

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES