Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
(855) 384-3262

Attorney for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>SUNSET WEST LEGAL GROUP, PC<br>and<br>QUINTESSA LLC D/B/A THE INJURY HELP NETWORK<br><br>                    Defendants. | Case No. 2:24-cv-04264-FLA-MAA<br><br>**PROPOSED JOINT SCHEDULING REPORT AND DISCOVERY PLAN**<br><br>**DATE: AUGUST 30, 2024**<br>**TIME: 1:00 P.M.**<br>**COURTROOM: 6B** |

Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule 26-1, the

Parties submit the following joint scheduling report and discovery plan:

a.    <u>Statement of the Case:</u> This is a putative class action alleging that

Defendants made unsolicited pre-recorded telemarketing calls to consumers in

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. The

plaintiff seeks to represent the following class:

- 1 -
PROPOSED JOINT SCHEDULING REPORT
*Fabricant v. Sunset West*

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Sunset (or an agent acting on behalf of Sunset) placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

Through this class, the Plaintiff seeks to represent all other individuals who have received similar highly-illegal prerecorded calls from the Defendant without their consent. With respect to applicable defenses, the Plaintiff expressly denies that he "used" or "employed" another individual to invite the alleged calls and contact.

Defendants deny the asserted claims of Plaintiff as set forth in the Answer and Affirmative Defenses, and, for other and additional reasons deny that Plaintiff is entitled to any of the relief sought herein, and further deny that class certification is warranted or allowed.

b.  <u>Subject Matter Jurisdiction:</u> This Court has federal question subject matter jurisdiction, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii). The Parties do not contest subject matter jurisdiction.

c.  <u>Legal Issues:</u> The key legal issues anticipated by the Plaintiff are as follows: whether Defendants placed the calls at issue; the Defendants' proportionate liability, including whether there is direct or vicarious liability as to either Defendant; whether Defendants' conduct constitutes a violation of the TCPA; whether members of the Class are entitled to treble damages based on the

willfulness of Defendants' conduct; and whether Plaintiff can meet his burden under Rule 23(a) of the Federal Rules of Civil Procedure of establishing numerosity, commonality, typicality, and adequacy with respect to the proposed class, as well as at least one ground for certifying a class pursuant to Rule 23(b). Other legal issues include whether Plaintiff has the standing to bring this lawsuit, whether Plaintiff invited the alleged calls and contacts, whether Plaintiff's "use" or "employment" of another individual to invite the alleged calls and contacts bars Plaintiff's claims, whether Plaintiff may represent a claimed class, and whether those issues, denials and defenses raised in the Answer and Affirmative Defenses bar Plaintiff's claims.

d.      Parties and Evidence: The Plaintiff, Terry Fabricant, is the individual who can best speak to the calls he received and the facts and circumstances surrounding them. The Defendants are in possession of other documents the Plaintiff requires. The Plaintiff also intends to depose, at minimum, the Defendants' 30(b)(6) representatives, owners and/or employees of Defendants, as well as any third parties which may have been involved in the calling conduct complained of. Defendants also will seek written and deposition discovery of, including but not limited to, Plaintiff and Plaintiff's colleague(s) who invited the alleged calls, and continued calls and contacts with Defendants, and third parties. Defendants will

rely upon and conduct discovery in accordance with the discovery rules of the Federal Rules of Civil Procedure.

e. <u>Damages</u>: The Plaintiff seeks for himself and the Class the maximum statutory damages permissible under the TCPA of $1,500 per violation, representing a trebling of the minimum of $500 if the Plaintiff can demonstrate that the violations were knowing and/or willful. Accordingly, a precise calculation of damages is not yet possible as the realistic range of provable damages depends on the number of persons who received calls as well as the number of violations committed against them.  Defendants will address whether they are entitled to recover attorney's fees and costs.

f. <u>Insurance:</u>  Defendants are investigating whether any applicable insurance exists and will keep Plaintiff appraised.

g. <u>Motions</u>: The Plaintiff will, of course, file a motion for class certification once discovery into the class claims is underway. The Plaintiff may also file a motion to file an amended pleading adding additional representative plaintiffs who received calls, and also adding additional involved or potentially involved defendants as discovery may reveal committed the conduct at issue.  Plaintiff and Defendants will follow the rules of this Court and the proposed accompanying worksheet of dates and deadlines when filing Motions.

h. <u>Dispositive Motions:</u> Counsel for the Plaintiff feels that summary judgment is inappropriate in TCPA cases such as this one. However, counsel for the Plaintiff will oppose any dispositive motion for summary judgment.  Plaintiff and Defendants will follow the rules of this Court and the proposed accompanying worksheet of dates and deadlines when filing Dispositive Motions.

i. <u>Manual for Complex Litigation:</u> The Parties jointly propose not to use any part of the procedures of the *Manual for Complex Litigation* at the present time.

j. <u>Status of Discovery:</u> The Plaintiff has already served basic discovery on Sunset West and Quintessa aimed at identifying the scope and nature of the calling conduct alleged, including classwide calling conduct. This discovery is in substantially the similar form that counsel for Plaintiff has previously served, and had upheld by Courts, on similar cases. Nevertheless, the Plaintiff anticipates that the Defendant may object to the discovery on the basis that some of the class claims is premature. However, anything other than complete and prompt production of classwide calling data is essential to the Plaintiff's case. The inevitable disputes about what qualifies as merits vs. class discovery simply results in futility and non-substantive argument. Moreover, the Supreme Court in *Walmart v. Dukes* has said the district court must conduct a "rigorous analysis" in determining class certification and that will often require early evaluation about facts that go to the merits of the class's claims. There is also real risk that the

delays in production of classwide discovery will detrimentally affect Plaintiff's case through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. Plaintiff and Defendants expressly reserve their rights not only to propound written discovery and take deposition testimony of parties and non-parties, but also to object to discovery demands and requests when warranted as they are received.

k.  Discovery Plan  *Plaintiff's Position:* The Plaintiff will need to seek discovery on the calling conduct at issue, including the number of calls that were sent to the Plaintiff and the class, Defendants' policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have placed the calls or which otherwise may be liable for the calling conduct at issue. The Plaintiff will need to take between 3-5 depositions and will most likely notice them in the Central District of California. Third Party discovery may be necessary if it is revealed that a third-party vendor placed the calls at issue. This discovery will include, but is not limited to, documents outlining the respective relationship between, and Quintessa's agreement to, place calls on Sunset West's behalf, as well as classwide calling records, call recordings, and other documents regarding the nature, time, scope, and extent of the calling conduct at issue, including documents as to any attempted affirmative defenses. Defendants are also in possession of other documents, including documents identifying any other

parties involved in placing the calls, respective instructions and scripting for the calls, as well as policies and procedures for TCPA compliance. The Plaintiff does not anticipate any changes in the disclosures under Fed. R. Civ. P. 26(a), nor does the Plaintiff seek any changes or limitations on discovery outlined in the Federal Rules.

*Defendants' Position:* Counsel for Defendants are not now in a position to express specifics about the timing and progression of their contemplated discovery, but Defendants intend to follow the guidelines and deadlines set forth in the Federal Rules and the accompanying Worksheet. Defendants also will abide by and conduct discovery in accordance with the Federal Rules, including written and deposition discovery for parties and third parties.

l.     Discovery Cut-off: As reflected in the attached scheduling worksheet, the cutoff for fact discovery will be July 11, 2025.

m.     Expert Discovery: As reflected in the attached scheduling worksheet, initial expert disclosures will be on July 18, 2025 to be followed by rebuttal expert disclosures on August 1, 2025.

n.     Settlement Conference / Alternative Dispute Resolution ("ADR"): The parties have conferred and agree that private mediation is the most appropriate path forward. Although the Parties have set a formal deadline of October 3, 2025 for completion of settlement negotiations, they feel that an expeditious resolution of

this matter may be possible well before this date and will be exploring the feasibility of and early mediation to conclude as early as the end of 2024.

o.  <u>Trial Estimate:</u> If this matter is to proceed as an individual action, the jury trial will likely not exceed four court days. However, if this matter is to proceed as a class action, the trial time will likely be on the order of 2-3 weeks. Plaintiff intends to call 3-5 witnesses. Defendant intends to call at least 5 witnesses.

p.  <u>Trial Counsel:</u> Andrew Roman Perrong will be chief trial counsel for Plaintiff and will be assisted by Anthony Paronich.   Jeffrey Gilbert and Christopher Smith will be trial counsel for Defendants.

q.  <u>Independent Expert or Master:</u> The parties have conferred and do not believe that the court should appoint a special expert or master.

r.  <u>Schedule Worksheet:</u> See attached.

s.  <u>Other Issues:</u> Counsel for Plaintiff will be filing a motion to appear at the scheduling conference telephonically, and counsel for Defendant also requested in that motion for his trial colleague to appear at the August 30, 2024 Conference because Jeffrey Gilbert will be traveling on that date.

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from each of the other signatories.

**CERTIFICATE OF SERVICE**

The foregoing document has been filed electronically, is available for viewing and downloading from the ECF system, and has been served on all parties of record via electronic service through the ECF system on August 16, 2024.

RESPECTFULLY SUBMITTED AND DATED this 16th day of August, 2024

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong (*PHV*)
a@perronglaw.com
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone:  (215)225-5529 (CALL-LAW)
Facsimile:  (888)329-0305

*Attorney for Plaintiff and the Proposed Class*

/s/ Jeffrey Gilbert
Jeffrey Gilbert (PHV)
Jeffrey.gilbert@gmlaw.com
Greenspoon Marder
600 Brickell Avenue, Suite 3600
Miami, Florida 33131
Telephone:  305-789-2761