dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY FABRICANT,** individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **SUNSET WEST LEGAL GROUP, PC and QUINTESSA LLC D/B/A THE INJURY HELP NETWORK.,** <br><br> Defendant. | Case No. 4:24-cv-00329-RK <br><br><br> **UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS** |

Pursuant to Local Rule 16-14 and FED. R. CIV. P. 16(b)(4), Plaintiff Terry Fabricant submits this Unopposed Motion requesting that the Court continue the deadline to amend pleadings based on the most recent scheduling order entered in this case. (ECF No. 40). This Court should do so because the parties have made a good showing under Rule 16(b) and applicable precedent.

The Plaintiff respectfully requests that the Court continue the deadline in its scheduling order for the primary reason that the parties are in the middle of document production, are working through issues related to telephone records and possible third parties who may possess them, all of which might necessitate filing a Second Amended Complaint. Accordingly, as the parties require more time to work through such investigation and production, good cause exists to extend the Court's current

scheduling order with respect to this deadline.

Rule 16(b)(4) provides that a schedule may be modified only for "good cause and with the judge's consent." In interpreting the "good cause" standard, the District Court looks to the diligence of the parties and evaluates this diligence to determine if the current scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Diligence is met here because the parties are engaged in discovery production as well as advanced and technical ascertainment of the Plaintiff's claims, including such ascertainment which may necessitate the filing of a Second Amended Complaint after the current cutoff of December 6, 2024. In *DCD Programs, Ltd. v. Leighton*, for example, the Ninth Circuit held that there was good cause when the plaintiff amended its complaint as soon as it had "sufficient evidence of conduct upon which they could base claims of wrongful conduct" and there was no evidence that the Plaintiff harbored a wrongful motive or any cause to uphold the denial of an amendment on the basis of bad faith. 833 F.2d 183, 187 (9th Cir. 1987). So too here, where the Plaintiff may yet file an amended complaint to assert additional claims against as of yet unknown parties as soon as their alleged participation in the alleged calling conduct at issue is uncovered through discovery.

And, unlike in *Johnson*, the Plaintiff here seeks to extend the current scheduling order and extend it in light of the timely amendment and before the cutoff date for the hearing of such a motion, not months after an amendment is due. *Johnson*, 975 F.2d at 608. Initial discovery in this matter has been issued but not yet been produced.

The history of this case demonstrates the parties' diligence. Plaintiff's original complaint was filed on May 22, 2024 and alleged that Defendant Sunset West hired Defendant Quintessa to generate leads for it through illegal telemarketing. The Plaintiff filed an amended complaint on August 1 in response to

**UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS**

purported deficiencies in the original pleading, and the Defendant answered the Amended Complaint on August 15, 2024. Defendant and Plaintiff have been working to sort through the threshold evidentiary issues in this litigation, including because the initial calls to the Plaintiff were spoofed and the Defendants deny any association with the spoofed number or participation with the spoofing conduct, which also necessitates the issuance of third party discovery, which was just recently issued.

The Plainitff has yet to discover, develop, and ascertain records into the nature of the alleged relationship between Quintessa, Sunset West, and third party vendors, if any. With more time, evidence might be gained that will allow the Plaintiff to amend the complaint to add such vendors. *Contra Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (holding that good cause was not met when party pointed to no additional evidence that would have been offered with the granting of more time).

Accordingly, pursuant to L.R. 7-3 and Section VIII of the Court's Civil Standing Order, the Plaintiff respectfully requests that the Court extend the current scheduling order, as follows:

| Event | Current Date | Proposed Change |
|---|---|---|
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 12/6/2024 | 1/31/2025 |

Counsel for Plaintiff has spoken with counsel for Defendants, who does not oppose Plaintiff's request to extend the deadline for amending pleadings or adding parties from December 6, 2024 until January 31, 2025.

**UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS**

DATED:  December 6, 2024     PERRONG LAW LLC

By:       /s/ Andrew R. Perrong
        ANDREW R. PERRONG
        Attorneys for Plaintiff,
        TERRY FABRICANT and the
        PROPOSED CLASS

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2024, I electronically filed the foregoing **UNOPPOSED MOTION FOR EXTENSION OF DEADLINE TO AMEND PLEADINGS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel.

*/s/ ANDREW R. PERRONG*
ANDREW R. PERRONG