SHARON A. URIAS (SBN 180642)
sharon.urias@gmlaw.com
**GREENSPOON MARDER LLP**
1875 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 480.306.5458

JEFFREY GILBERT (*admitted pro hac vice*)
jeffrey.gilbert@gmlaw.com
600 Brickell Avenue, Suite 3600
Miami, FL 33131
Telephone: 305.789.2761

*Attorneys for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNSET WEST LEGAL GROUP, PC and QUINTESSA LLC d/b/a THE INJURY HELP NETWORK,<br><br>Defendants. | Case No.: 2:24-cv-04264-FLA-MAA<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIMS AND AMEND AFFIRMATIVE DEFENSES**<br><br>**Hearing**<br>**Date: February 28, 2025**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6B** |

DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIMS

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on February 28, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Fernando L. Aenlle-Rocha of the United States District Court for the Central District of California, located at 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, Defendants Sunset West Legal Group, PC ("Sunset") and Quintessa LLC d/b/a The Injury Help Network ("Quintessa") (collectively, "Defendants") will and hereby do move the Court to grant leave for Defendants to file their counterclaims against Plaintiff, Terry Fabricant, for (1) fraud and (2) fraudulent omission, and to amend their pleadings to add an affirmative defense predicated upon the same facts underpinning those counterclaims. Pursuant to Local Rule 15-1, Defendants submit their proposed counterclaims and additional affirmative defense in the form attached hereto as **Exhibit "A."**

Defendants bring this Motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, as well as Local Rule 7-4, on the grounds that Defendants recently uncovered evidence confirming that Plaintiff engaged in fraudulent activity in order to initiate the events that gave rise to this action. Thus, as the deadline to amend pleadings has passed,[1] Defendants now with this Motion seek leave of court in order to file their counterclaims and amend their affirmative defenses accordingly. The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

In accordance with Local Rule 7-3, undersigned counsel met and conferred with Andrew Perrong, counsel for Plaintiff, by telephone on January 24, 2025, wherein the grounds for the Motion were provided and the parties were unable to

---

[1] However, there is a pending motion submitted by Plaintiff, which Defendants did not object to, to extend the deadline to amend pleadings depicted in the Scheduling Order.

resolve this dispute.

Dated: January 31, 2025                    Respectfully Submitted,

**GREENSPOON MARDER LLP**

 */s/ Jeffrey Gilbert*
Sharon A. Urias
Jeffrey Gilbert (*admitted pro hac vice*)

*Attorneys for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network*

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

On May 22, 2024, Plaintiff filed the above-styled action against Defendants, attempting to allege that Defendants purportedly committed violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by placing "pre-recorded telemarketing calls" to Plaintiff's cellular telephone.

However, through Defendants' ongoing investigation of the allegations in the Complaint (in which Plaintiff is seeking thousands of dollars), Plaintiff not only initiated the communications that took place between the parties, but also perpetrated a fraudulent scheme against Defendants to invite the calls that were allegedly made to his telephone number. Plaintiff's fraudulent scheme enabled him to file this suit seeking thousands in damages under the TCPA. *See* Ex. A., *generally*. Defendants have recently learned that Plaintiff had called Quintessa prior to the calls alleged in the Complaint to have certain numbers placed on Quintessa's internal "do not call list." *See id.* at ¶¶ 11-13. A few days after Plaintiff's calls, a woman posing as an employee of a "Terry Faber" called in to request an attorney for an accident purportedly suffered by her "boss," engaging Quintessa's representatives and providing a number that was then called back by Quintessa's agents to follow up on Plaintiff's inquiry. *Id*. at ¶¶ 15-25. Upon information and belief, Plaintiff utilized call forwarding technology to have the calls that Defendants placed to the number Plaintiff's agent had provided *forwarded* to numbers that Plaintiff had placed on the do not call list so as to exploit the TCPA's damages provisions.

But for Plaintiff's own conduct, in which he orchestrated a scheme to receive telephone calls to manufacture TCPA claims, Plaintiff would never have been contacted by Defendants. Accordingly, Defendants seek leave, pursuant to Fed. R. Civ. P. 15(a)(2), to file the attached counterclaims for fraud and fraudulent omission and add a single affirmative defense on this same basis, because the alleged telephone calls at issue were sent to a telephone number that Plaintiff (through Plaintiff's agent)

represented was his own and could be contacted by Defendants. Defendants' proposed counterclaims seek to hold Plaintiff directly liable for Defendants' damages as a result of Plaintiff's manufactured lawsuit, including attorney's fees and costs incurred by Defendants in defending themselves against the claim brought by Plaintiff.

## MEMORANDUM OF LAW

### I. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b) states that the deadlines in the Court's scheduling order may be modified only "for good cause and with the judge's consent," which "primarily considers the diligence of the party seeking the amendment […and…] the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Once the deadline for amending pleadings established in a court's pretrial scheduling order passes, Federal Rule of Civil Procedure 16, which controls the modification of a court's scheduling order, governs a party's ability to amend its pleadings. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000); *Johnson*, 975 F.2d at 609. Rule 16 provides that "[a] schedule may be modified for good cause…" Fed. R. Civ. P. 16(b)(4). "Rule 16[ ]'s 'good cause' standard primarily considers the diligence of the party seeking the amendment," and favors modification when the deadline of the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal citations omitted). "[T]he existence or degree of prejudice to the party opposing the modification" may supply "additional reasons to deny" a request for leave to amend, but "the focus of the inquiry is upon the moving party's reason for seeking modification." If the party seeking to modify the scheduling order to amend its pleadings demonstrates good cause under Rule 16(b), then it must also demonstrate that the amendment is proper under Rule 15 standards. *Irise v. Axure Software Sols., Inc.*, No. CV08-03601SJO JWJX, 2009 WL 3615973, at *2 (C.D. Cal. July 30, 2009).

For its part, Federal Rule of Civil Procedure 15(a)(2) provides an exceedingly

liberal standard for granting leave to amend a pleading. Indeed, Rule 15(a) provides that courts "should freely give leave to amend when justice so requires"—meaning that courts generally grant motions for leave to amend liberally, favoring amendments to pleadings unless there is a specific reason to deny the request. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (noting that "this mandate is to be heeded" with respect to Rule 15's "freely" given standard); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, at 701 (9th Cir. 1990). Courts are encouraged to liberally consider several factors on motions to amend, such as: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *United States v. Corinthian Colls*, 655 F.3d 984, 995 (9th Cir. 2011).

The primary factors that courts in the Ninth Circuit consider when evaluating a request for leave to amend are undue delay, prejudice to the opposing party and futility of the amendment (*i.e.*, that it would not cure a legal deficiency in the original complaint). *Id.*; *see also Balistreri*, 901 F.2d at 701. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also United States v. Hougham*, 364 U.S. 310, 316 (1960) (discussing the "liberal rules governing the amendment of pleadings" and how Rule 15 "was designed to facilitate the amendment of pleadings"); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (emphasizing Rule 15's policy that "leave shall be freely given when justice so requires . . . is to be applied with extreme liberality").

As the Supreme Court has explained, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Hougham*, 364 U.S. at 317. Only in rare circumstances, a district court may nonetheless decline to grant leave to amend under Rule 15(a) where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp.*,

465 F.3d at 951. Moreover because Fed. R. Civ. P. 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Laboratories,* 127 F.R.D. 529 (N.D. Cal. 1989).

## II. DISCUSSION

### A. Good Cause Exists to Modify the Deadline to Amend Pleadings.

Pursuant to Fed. R. Civ. P. 16, good cause exists to modify the deadline to amend the pleadings, such that this Court can continue its inquiry under Fed. R. Civ. P. 15(a)(2) to ultimately grant Defendants leave to file their counterclaims and amended affirmative defenses. In particular, Defendants exercised the utmost diligence in uncovering the facts behind the scheme that Plaintiff had devised, which required an extensive review of Quintessa's records, which was hampered by Plaintiff's attempts to obfuscate his actions and hide his role in initiating the communications alleged in the Complaint. Resultingly, Defendants were not able to ascertain the basis of their counterclaims until after receiving Plaintiff's discovery responses and document production, which were received after the deadline to amend pleadings had passed. And indeed, the last date to hear such a motion was only less than two (2) months ago.

Crucially, though, it must be noted that Plaintiff has similarly sought an extension of time to this deadline (*see* D.E. 46) on December 6, 2024, which Defendants did not object to, which goes to show that Plaintiff himself requires more time, as well. In light of these facts, there is no realistic means by which Defendants could have discovered Plaintiff's deception and filed the attached counterclaims (and the additional affirmative defense) prior to that deadline because the evidence that unveiled the fraudulent scheme was contained in Plaintiff's discovery responses and document production, which were serve after the deadline to amend. No amount of diligence on Defendants' behalf could have changed that. As such, there is good cause to extend the deadline. *Johnson*, 975 F.2d at 609 ("'good cause' means scheduling deadlines cannot be met despite party's diligence") (citing Miller & Kane, *Federal*

*Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)).

## B. Leave to Amend Should Be Granted Pursuant to Rule 15.

As stated above, Rule 15(a) provides that courts "should freely give leave to amend when justice so requires" and grant motions for leave to amend unless there is a specific reason to deny the request. *Genentech, Inc.*, 127 F.R.D. at 530-31; *Balistreri*, 901 F.2d at 701. Here, none of the factors Courts consider in this analysis—undue delay; bad faith or dilatory motive; repeated failure to cure deficiencies by amendments previously permitted; prejudice to the opposing party; and futility of amendment—apply in the instant case such that the Court has reason to take the extraordinary step of denying Defendants' request. *Corinthian Colls*, 655 F.3d at 995.

Firstly, no undue delay will result from granting leave to amend, as the minor extension sought (only a month and a half removed from the original deadline, and with the holidays in between, no less) with not have any impact on the rest of the case nor require additional extensions of time to other case deadlines.

Moreover, there will be no prejudice to the opposing party, which again has similarly sought an extension of time to this deadline (which, again, Defendants did not object to). Because Plaintiff has sought to extend the very deadline that is the subject of this Motion, no such prejudice will result by granting Defendant the same relief that Plaintiff seeks. Furthermore, the discovery cut-off is not until mid-July, and again, the other deadlines set forth in the scheduling order will not need to be modified.

With respect to bad faith motive, Defendants clearly deny any such motive, and the evidence will plainly show that its counterclaims cut to the heart of this case and upend the allegations set forth by Plaintiff—which also demonstrates that the proposed amendment is anything but futile, as the proposed counterclaims and additional affirmative defense, if successful, will entitle Defendants to vindicate themselves and recoup the fees (as well as damages) they have unfairly been forced to bear due to Plaintiff's fraudulent claims, or otherwise avoid being found culpable

for actions that clearly result from Plaintiff's own doing. Therefore, the Court should grant this Motion for Leave, as it will not unduly complicate this litigation and merely serve to provide a more complete picture of the facts at the heart of this action.

## CONCLUSION

This Motion is filed in good faith and not for purposes of delay. No party to this litigation will be prejudiced should this Court grant the relief sought herein. Defendants seek leave to bring the attached counterclaims to hold Plaintiff liable for the damages Plaintiff caused Defendants as a result of his manufactured TCPA claims, and to amend their pleadings to assert a single additional affirmative defense predicated upon these same facts.

**WHEREFORE**, for the foregoing reasons, Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network respectfully request that the Court enter an order granting the instant Motion for Leave to File Counterclaims and Amend Affirmative Defenses, and thus permitting the form attached hereto as Exhibit "A" to be filed, for the reasons set forth herein along with such further and other relief the Court deems just and proper.

Dated: January 31, 2025                                Respectfully Submitted,

**GREENSPOON MARDER LLP**

 */s/ Jeffrey Gilbert*
Sharon A. Urias
Jeffrey Gilbert (*admitted pro hac vice*)

*Attorneys for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Sunset West Legal Group, PC and Quintessa LLC d/b/a The Injury Help Network, certifies that this brief contains 1,924 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 31, 2025  /s/ Jeffrey Gilbert
Jeffrey Gilbert

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

/s/ Jeffrey Gilbert